## EDWARD G. UFFORD *vs.* CALVIN DICKINSON & wife.

The return of an officer upon a writ of *habere facias*, stating that two appraisers were appointed by him, the debtor "having been duly notified and neglecting to choose an appraiser," sufficiently shows that reasonable time was given to the debtor to choose an appraiser, and that, upon his neglect to choose one, the officer appointed one for him.

WRIT OF ENTRY. The demandant claimed title under the levy of an execution against Calvin Dickinson upon the premises; and, at the trial in the superior court, before *Wilkinson,* J., the only question was as to the sufficiency of the officer's return of the appointment of appraisers, which set forth that one of them was appointed by the creditor, and two, who were named, "were both appointed by me, the within named Calvin Dickinson having been duly notified and neglecting to choose an appraiser." The tenants asked the court to rule that this return did not show that reasonable time was given to the debtor to choose an appraiser, or that the officer appointed an appraiser for the debtor; but the judge refused so to rule, and the jury returned a verdict for the demandant. The tenants alleged exceptions.

*G. M. Stearns,* for the tenants.

*S. T. Spaulding,* for the demandant.

BY THE COURT. It sufficiently appears by the return of the officer on the execution that one of the appraisers was appointed in behalf of the debtor. This is necessarily implied by the statement that two of the appraisers were appointed by the

officer, the debtor " having been duly notified and neglecting to choose an appraiser." That it is not necessary to specify which of these two was appointed to act for the debtor was settled in *Dooley* v. *Wolcott*, 4 Allen, 406.

That reasonable time was given to the debtor to select an appraiser is shown by the return that he was duly notified and neglected to make any selection. *Blanchard* v. *Brooks*, 12 Pick. 47.                                     *Exceptions overruled.*